# **EXHIBIT 5**



January 30, 2025

Mr. Tony Gomes  
Cloud Software Group, Inc.  
Chief Legal & Administrative Officer  
Citrix Business Unit  
851 W. Cypress Creek Road  
Fort Lauderdale, FL 33309

**Robert R. Brunelli**  
Shareholder  
Direct: 303.863.2980  
rbrunelli@sheridanross.com

Via FedEx

Re:   K.Mizra LLC

Dear Mr. Gomes:

As you may be aware, K.Mizra LLC ("K.Mizra") is a patent licensing company run by experienced management. The Company focuses on high value, high quality patents with a global reach. It owns patent portfolios originating with a wide array of inventors, including portfolios developed by well-known multinationals such as IBM, Intel, Rambus and others, as well as from research institutes such as Nederlandse Organisatie voor Toegepast Natuurwetenschappelijk Onderzoek. By focusing on high quality patents, K.Mizra provides a secondary market for inventors to recoup their research and development investments and to continue their innovations. K.Mizra offers licenses to its patents on reasonable terms and in this way plays an important part in the development of the technologies that improve all our lives.

K.Mizra is the owner by assignment of United States Patent Nos. 8,234,705 ("the '705 Patent") (Ex. 1) and 9,516,048 ("the '048 Patent") (Ex. 2).  The '705 Patent, titled "Contagion Isolation and Inoculation," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") and expires on November 25, 2029. The '048 Patent, titled "Contagion Isolation and Inoculation Via Quarantine," was issued by the USPTO December 6, 2016 and expires on September 27, 2025.

The technology described and claimed in these Patents was invented by Dr. James Roskind and Mr. Aaron Emigh, two prolific inventors and colleagues living in the same area who had similar interests in innovating computer-related technologies.  Dr. Roskind has bachelors, masters, and doctorate degrees from MIT in both electrical engineering and computer science and is the named inventor of over 300 U.S. patents. He has worked for Netscape as the Chief Architect and as the Netcenter Security Architect, and was a co-founder for Infoseek, a company that was eventually acquired by Disney for $770 million. He was also a key developer of Google's "transport protocol" that provides the tech giant billions of dollars in value every year.  Mr. Emigh graduated from the University of California, Santa Cruz with degrees in linguistics and computer and information sciences and is the named inventor of over 140 patents. Prior to working with Dr. Roskind, Mr. Emigh worked in various positions developing software, including working as a software manager, architect, and engineer for Unicom and working as a manager for the software development and technical marketing groups for Philips TriMedia. He has founded or co-founded many companies, including CommerceFlow, Inc., which was acquired by eBay for its technology that Mr. Emigh helped to develop.

January 30, 2025
Page 2

In 2003, the inventors decided to create a business together, Radix Labs, LLC, which focused on developing intellectual property related to various computer technologies, including network security technologies. The inventors focused on conceiving inventions they knew were needed then or soon would be needed in the computer networking industry and then on drafting patent applications to capture and protect their innovations. In September of 2004, the inventors filed the Provisional Application to which both Patents claim priority. The Provisional Application described technology that focused on securing a network against the threats to which it was exposed by the connections of additional end points to that network. The Provisional Application, and by natural extension the Patents, also focus on remedying identified threats and quarantining those threats to mitigate any damage to the secured network.

More specifically, '705 Patent explains that "[l]aptop and wireless computers and other mobile systems pose a threat to elements comprising and/or connected to a network service provider, enterprise, or other protected network to which they reconnect after a period of connection to one or more networks and/or systems that are not part of the service provider, enterprise, or other protected network. By roaming to unknown domains, such as the Internet, and/or connecting to such domains through public, wireless, and/or otherwise less secure access nodes, such mobile systems may become infected by computer viruses, worms, backdoors, and/or countless other threats and/or exploits and/or have unauthorized software installed; have software installed on the mobile system by an operator of the protected network for the protection of the mobile system and/or the protected network removed or altered without authorization and/or have configurations, settings, security data, and/or other data added, removed, and/or changed in authorized ways and/or by unauthorized person[s]." *See, e.g.*, Ex. 1 at 1:14–31.  The solution provided by and embodied in the Asserted Patents to these problems was a complete break from the conventional network access control solutions then in use, required unique hardware to be properly implemented and was then, as today, patent-subject eligible, highly valuable, novel and non-obvious technology.

After the Patents issued, Dr. Roskind and Mr. Emigh recouped their research and development investment by selling their rights thereto, continuing in their individual technology development pursuits. K.Mizra ultimately acquired these Patents and licensed them to many of the who's-who of the tech world. Some of the accused infringers chose to test the validity of the Patents prior to settling with K.Mizra. For instance, a few accused infringers previously sought *inter partes* review ("IPR") by the Patent Trial and Appeal Board ("PTAB") of the Patents. A Final Written Decision ("Decision") in the '705 Patent IPR found that the petitioners had not shown, by a preponderance of the evidence, that the asserted claims were unpatentable. Based on the '705 Patent IPR Decision, the similar '048 Patent IPR was not even instituted. The '705 Patent IPR Decision was appealed to the Court of Appeals for the Federal Circuit ("CAFC"), resulting in a procedurally focused remand back to the PTAB. That appeal is now concluded and the parties to the IPR have recently filed with the Board a joint motion to dismiss.

Cloud Software Group Inc. ("CSG") is in the business of providing VPN-focused security products and services, among others, to its customers in the U.S. and elsewhere. Included within these offerings is Citrix Zero Trust Secure Access ("Involved Product").  As can be seen through review of the attached Notice of Technology Use chart (Ex. 3), the Involved Product meets all the limitations of several of the Patents' claims.  CSG's activities now need to be regularized, with

January 30, 2025
Page 3

K.Mizra remaining ready, willing and able to provide CSG a commercially reasonable license to its various patented technologies, including the Patents. If you are interested in discussing purchasing such a license, please contact me directly.

Thank you for your attention to this matter.

Very truly yours,

SHERIDAN ROSS P.C.

Robert R. Brunelli
RRB/lrb
Enclosures
C:       K.Mizra LLC