UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-60803-WPD

K.MIZRA LLC,

    Plaintiff,

v.

CITRIX SYSTEMS, INC., and
CLOUD SOFTWARE GROUP, INC.,

    Defendants.

_____/

**PLAINTIFF K.MIZRA LLC'S MOTION TO STRIKE
DEFENDANTS CITRIX SYSTEMS, INC., AND CLOUD SOFTWARE GROUP, INC.'S
AFFIRMATIVE DEFENSES 2-6 AND 7 (IN PART)**

Plaintiff K.Mizra LLC ("Plaintiff" or "K.Mizra") hereby moves pursuant to Federal Rules of Civil Procedure 8, 12(f) and Local Rule 7.1, for an order striking Affirmative Defenses 2–6 and 7 (in part) as set forth in Defendants Citrix Systems, Inc., and Cloud Software Group, Inc.'s (collectively, "Defendants") Answer and Affirmative Defenses to Plaintiff's Complaint (ECF No. 37 ("Answer")). As grounds therefore, K.Mizra states:

**I.    INTRODUCTION**

Defendants have filed seven boilerplate affirmative defenses and reserved the right to rely on any other affirmative defense "that may now or in the future be available." Except for its noninfringement defense (which Plaintiff does not challenge here), none of the pleaded affirmative defenses are more than a sentence. Defendants have failed to do anything more than (at most) identifying the name of a potential defense without providing any factual support. Indeed, at least one of the defenses is entirely inapplicable based on the facts here—No. 7 (to the extent it relies

on 35 U.S.C. § 288). Because Defendants' affirmative defenses fail to meet the required pleading standards, they must be stricken.

## II.     LEGAL STANDARD

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f) is intended to "avoid the expenditure of time and money that must arise from litigating spurious issues." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). And as courts have recognized, assertion of factually unsupported affirmative defenses is an abuse of the litigation process: it forces plaintiff's counsel to serve interrogatories to ferret out the factual basis for each defense and, if there is no such basis, to either file a motion or persuade defense counsel to withdraw a defense that never should have been asserted. *Greenspan v. Platinum Healthcare Grp., LLC*, No. 2:20-cv-05874-JDW, 2021 U.S. Dist. LEXIS 48884, at *8 (E.D. Pa. Mar. 16, 2021).

While motions to strike are disfavored, "affirmative defenses are subject to the same pleading scrutiny imposed by Rule 8(a) and *Twombly/Iqbal*." *Meneses v. Pompano Beach Club Rec. Ctr., Inc.*, No. 0:24-cv-62377-WPD, 2025 U.S. Dist. LEXIS 83353, at *6 (S.D. Fla. Apr. 28, 2025) (internal citation omitted). An affirmative defense must therefore be "sufficient to give the opposing party fair notice of the claim and its grounds." *Id.* The pleading "must articulate enough facts to raise a plausible right to relief on the assumption that all of the non-conclusory, factual allegations in the complaint are true." *Id.*

"Formulaic recitations filled with labels and conclusions without factual allegations are insufficient." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, an affirmative defense should be stricken where a defendant "fails to proffer any factual basis" for the defense. *Georgetown Trading Co., LLC v. Venturi Spirits, LLC*, No. 14-62277-CIV-

DIMITROULEAS/SNOW, 2015 U.S. Dist. LEXIS 181132, at *12 (S.D. Fla. May 8, 2015); *see also Meneses*, 2025 U.S. Dist. LEXIS 83353, at *8 ("Plaintiff should have fair notice of the specific factual allegations underlying each particular defense.").

## III.   ARGUMENT

K.Mizra respectfully moves this Court to strike the Defendants' Affirmative Defenses numbers 2–6 in their entirety, and Affirmative Defense number 7 in part.

### A.   Defendants' Second Affirmative Defense – Invalidity

Defendants' Second Defense alleges that "[o]ne or more claims of the '705 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112." (Answer ¶ 2.)[1] The Second Defense should be stricken for multiple reasons.

A first problem with the Second Defense is that, by pointing to 35 U.S.C. §§ 101 *et seq.*, it purports to cover any failure to comply with any provision of patent law. Although the Second Defense apparently "includ[es]" a few specific sections, it improperly suggests that other, unidentified sections may also be relevant. *See Gen. Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 1:10-cv-3008-AT, 2011 U.S. Dist. LEXIS 135675, at *10 (N.D. Ga. Aug. 1, 2011) (striking "including, but not limited to" because plaintiff was not on notice of any defense that would fall outside the scope of identified defenses).

A related problem is that Defendants' Second Defense fails to comply with Fed. R. Civ. P. 10(b), which requires affirmative defenses be stated in paragraphs "limited as far as practicable to a single set of circumstances." Courts in this district have recognized that distinct invalidity

---

[1] The cited paragraphs from the Answer refer to the paragraphs for Defendants' Affirmative Defenses as set forth on pages 38 through 40.

3

theories should be separated into separate paragraphs to comply with this rule. *See Automated Transaction Corp. v. Bill Me Later, Inc.*, No. 09-61903-CIV-COHN/SELTZER, 2010 U.S. Dist. LEXIS 97557, at *12 (S.D. Fla. Aug. 27, 2010). This requirement has the added benefit here of forcing defendants to properly identify the grounds for invalidity, rather than claiming invalidity under any provision of the patent laws. It would also confirm whether Defendants intend to rely on each identified provision. *See Ferring B.V. v. Watson Labs., Inc.*, No. 3:11-cv-00481-RCJ-VPC, 2012 U.S. Dist. LEXIS 23616, at *12 (D. Nev. Feb. 24, 2012) (finding use of disjunctive "and/or" does not provide fair notice of which defense(s) defendant intends to assert).

Another problem is that Defendants have failed to identify any specific theory of invalidity even under the identified provisions. For example, Section 112 includes requirements related to written description, enablement, best mode, and definiteness. *See, e.g., Westerngeco L.L.C. v. ION Geophysical Corp.*, 876 F. Supp. 2d 857, 865 (S.D. Tex. 2012). The Second Defense fails to provide notice regarding what part of each provision is relevant. *See Info. Planning & Mgmt. Serv. v. Dollar Gen. Corp.*, No. 2:15cv206, 2016 U.S. Dist. LEXIS 883, at *8 (E.D. Va. Jan. 5, 2016) ("Sections 101, 102, 103, and 112 offer numerous grounds for finding a patent invalid, and thus a defendant must provide a more specific statement of the grounds for invalidity in order to give the patent holder notice of the defense.").

But even if Defendants had properly identified the legal grounds for invalidity, this Second Defense should still be stricken because "boilerplate [defenses] without factual support" are improper. *Quality Edge, Inc. v. Rollex Corp.*, 709 F. App'x 1000, 1008 (Fed. Cir. 2017) (non-precedential). Because Defendants have failed to provide any factual support whatsoever for its Second Defense, it should be stricken. *See MPI LLC v. Sorting Robotics, Inc.*, No. LA CV22-07464 JAK (PDx), 2023 U.S. Dist. LEXIS 151738, at *5–6 (C.D. Cal. June 21, 2023); *Info.*

4

*Planning*, 2016 U.S. Dist. LEXIS 883, at *13; *see also Red Carpet Studios v. Midwest Trading Grp., Inc.*, No. 1:12cv501, 2020 U.S. Dist. LEXIS 257163, at *6–7 (S.D. Ohio Mar. 17, 2020) (collecting cases).

### B. Defendants' Third Affirmative Defense – Equitable Doctrines

Defendants' Third Defense alleges that "Plaintiff's infringement claims against Defendants regarding the '705 patent are barred in whole or in part by the doctrines of waiver, estoppel, acquiescence, and/or[2] other applicable equitable doctrines." (Answer ¶ 3.) This Third Defense fails for at least two reasons.

First, the Third Defense purports to include unidentified "other applicable equitable doctrines." But this fails to give Plaintiff notice of "what 'other equitable doctrines' may apply." *Opico v. Convergent Outsourcing, Inc.*, No. 18-cv-1579-RSL, 2019 U.S. Dist. LEXIS 67238, at *3–4 (W.D. Wash. Apr. 19, 2019). Courts have consistently stricken such vague assertions. *Id.*; *see also FTC v. Grand Canyon Educ. Inc.*, No. CV-23-02711-PHX-DWL, 2025 U.S. Dist. LEXIS 40240, at *54–55 (D. Ariz. Mar. 6, 2025) (striking as improper attempt to reserve the right to allege additional affirmative defenses).

Second, even the identified doctrines fail to provide Plaintiff notice regarding how the defense may apply here. Courts in this district have consistently rejected such formulaic allegations. *See, e.g., XYZ Corp. v. Individuals, P'ship & Unincorporated Ass'ns Identified on Schedule A*, No. 23-cv-24366-BLOOM/Torres, 2024 U.S. Dist. LEXIS 138893, at *13 (S.D. Fla. Aug. 5, 2024) (striking similarly-pleaded defenses of waiver, estoppel, and acquiescence because

---

[2] Defendants also use the disjunctive "and/or" format for each of its Third, Fourth, and Seventh Defenses. The Court should require Defendants to specify which of these defenses they intend to assert, as discussed above in connection with the Second Defense. (*See supra* Section III.B.)

5

"generally listing equitable defenses that *may* bar Plaintiff's claims without connecting them to the facts of this case fails to provide Plaintiff with fair notice"); *Nature's Prods. v. Natrol, Inc.*, No. 11-62409-CIV-DIMITROULEAS/SNOW, 2012 U.S. Dist. LEXIS 194125 (S.D. Fla. Feb. 15, 2012) (striking conclusory equitable defenses including estoppel and waiver).[3]

### C. Defendants' Fourth Affirmative Defense – Exhaustion and License

Defendants' Fourth Defense alleges that "Plaintiff's infringement claims against Defendants regarding the '705 patent, in whole or in part, are barred by the doctrine of patent exhaustion, license, and/or implied license." (Answer ¶ 4.)

Again, however, Defendants fail to provide any explanation whatsoever for how these defenses may apply here; instead, they only identify the name of the defense. The Fourth Affirmative Defense should be struck. *See, e.g., SecurityProfiling, LLC v. Trend Micro Am., Inc.*, No. 6:16-CV-01165-RWS-JDL, 2017 U.S. Dist. LEXIS 72769, at *20 (E.D. Tex. Mar. 21, 2017) ("[Defendant] merely names the affirmative defenses without providing any additional detail to give [plaintiff] fair notice of the nature of the defenses."); *see also Landscape Design Workshop, Inc. v. Minto Cmtys., LLC*, No. 17-61323-DIMITROULEAS/SNOW, 2018 U.S. Dist. LEXIS 228023, at *5–6 (S.D. Fla. Aug. 16, 2018) (striking defense that stated only: "Plaintiff's claims are barred by the doctrine of implied license.").

---

[3] Defendants group together different defenses in their Third, Fourth, and Seventh Defenses. Although Plaintiff will not reiterate its argument under Rule 10(b) for each section, Defendants are required to plead each affirmative defense separately. *See New York Disc. Plus, Inc. v. Scottsdale Ins. Co.*, No. 13-24231-CIV-SEITZ/SIMONTON, 2014 U.S. Dist. LEXIS 14148, at *5–6 (S.D. Fla. Feb. 4, 2014) (striking defense of "waiver, estoppel, laches, unclean hands, and/or acquiescence" because it "lists five distinct affirmative defenses, each of which must be pled separately"). The Court should require Defendants to separate each defense if they are allowed to replead them and then choose to do so. (*See also supra* Section III.B.)

### D.  Defendants' Fifth Affirmative Defense – Ensnarement

Defendants' Fifth Defense alleges "Plaintiff is foreclosed from asserting infringement of the '705 patent in such a way as may cover any of Defendants' products and/or services, in whole or in part, based on statements, representations, and admissions made during the prosecution of the '705 patent." (Answer ¶ 5.) Defendants have failed to properly plead this defense, instead relying only on formulaic recitations that provide nothing more than the name of the defense. The Fifth Defense should be stricken. *See, e.g., Finjan, Inc. v. Cisco Sys.*, No. 17-cv-00072-BLF, 2018 U.S. Dist. LEXIS 156580, at *8 (N.D. Cal. Sept. 13, 2018) ("[Defendant's answer] contains no allegations that inform [plaintiff] on how [defendant] intends to rely on this defense.").

### E.  Defendants' Sixth Affirmative Defense – Prosecution History Estoppel

Defendants' Sixth Defense alleges that "Plaintiff is estopped from construing the claims of the '705 patent in such a way as may cover any of Defendants' products and/or services, in whole or in part, based on statements, representations, and admissions made during the prosecution of the '705 patent." (Answer ¶ 6.) Once again, this defense is devoid of factual allegations and should be stricken. *See Infineon Techs. AG v. Volterra Semiconductor Corp.*, No. C 11-6239 MMC, 2013 U.S. Dist. LEXIS 62450, at *9–10 (N.D. Cal. May 1, 2013).

### F.  Defendants' Seventh Affirmative Defense – Limitation on Damages and Costs

Defendants' Seventh Defense alleges "Plaintiff's claim for damages is limited under at least 35 U.S.C. §§ 286, 287, and/or 288." (Answer ¶ 7.) Plaintiff requests that the Court strike the Seventh Defense to the extent it relies on Section 287 and Section 288.

Defendants' Section 287 defense should be stricken because it fails to provide fair notice regarding which of the "numerous sub-provisions addressing distinct limitations on damages and statutory remedies may apply." *XYZ Corp.*, 2024 U.S. Dist. LEXIS 138893, at *20.

7

The defense under Section 288 is yet another bare-bones defense devoid of factual support. Section 288 provides that, if a claim of a patent has been found invalid, "[t]he patentee shall recover no costs unless a disclaimer of the invalid claim has been entered at the Patent and Trademark Office before commencement of the suit." But Defendants do not—and cannot—allege that any claim of the asserted patent has been found invalid. Indeed, no claim of the asserted patent has been invalidated. Accordingly, this defense must be stricken both because it was not properly pleaded *and* because it lacks any possible factual basis. *See Sonos, Inc. v. D&M Holdings Inc.*, No. 14-1330-RGA-MPT, 2016 U.S. Dist. LEXIS 105271, at *12 (D. Del. Aug. 10, 2016); *see also Meneses*, 2025 U.S. Dist. LEXIS 83353, at *5 (noting that affirmative defense will be struck "if it is clear that the defense must fail").

   G. **Defendants' Reservation of Additional Defenses**

Although not a specific affirmative defense, Defendants provide a concluding "Reservation of Additional Defenses" that purports to "reserve all affirmative defenses under Rule 8(a) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses . . ." (Answer at 39–40.) This type of reservation is "neither appropriate or necessary" and should be stricken. *McKinley v. Rapid Global Bus. Sols., Inc.*, No. 1:17-cv-00621-LJM-MJD, 2017 U.S. Dist. LEXIS 90431, at *7 (S.D. Ind. June 13, 2017); *see also Kane v. Delong*, No. C-12-5437 EMC, 2013 U.S. Dist. LEXIS 38127, at *38 (N.D. Cal. Mar. 19, 2013) (striking identical paragraph).

**IV.** **CONCLUSION**

Plaintiff respectfully requests that this Court enter an Order striking Defendants' Affirmative Defenses 2 through 6 and 7 (in part).

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

The undersigned counsel hereby certifies that, in compliance with Local Rule 7.1(a)(2) that undersigned counsel has conferred with counsel for Defendants in a good faith effort to resolve by agreement the issues raised as related to the Motion to Strike and the parties have been unable to resolve the issues raised herein.

Dated: November 3, 2025

Respectfully Submitted,

/s/ Gerald E. Greenberg
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ALESSANDRA M. SIBLESZ
Florida Bar No. 1024843
asiblesz@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

ROBERT R. BRUNELLI *
CO State Bar No. 20070
rbrunelli@sheridanross.com
BRIAN S. BOERMAN *
CO State Bar No. 50834
bboerman@sheridanross.com
TRISTAN D. LEWIS *
CO State Bar No. 60968
tlewis@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
litigation@sheridanross.com

*Admitted pro hac vice*

*Counsel for Plaintiff K.Mizra LLC*