UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**Case No.: 25-cv-60803-DIMITROULEAS/HUNT**

K.MIZRA LLC,

      Plaintiff,

v.

CITRIX SYSTEMS, INC. and CLOUD
SOFTWARE GROUP, INC.,

      Defendants.

_____/

**DEFENDANTS' OPPOSITION TO
<u>K.MIZRA LLC'S MOTION TO STRIKE</u>**

## <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL BACKGROUND .............................................................................. 2

III.    LEGAL STANDARD........................................................................................... 4

IV.     ARGUMENT ...................................................................................................... 5

      A.      K.Mizra's Request to Strike Citrix's Defenses Is Meritless ................................. 5

            1.      Citrix Sufficiently Pleaded Its Second Defense Of Invalidity ................. 5

            2.      Citrix Has Sufficiently Pleaded Its Equitable Defenses. .......................... 9

                  a.      Waiver Is Sufficiently Pleaded. ..................................... 9

                  b.      Citrix's Equitable Estoppel And Acquiescence Defenses Are Sufficiently Pleaded. ........................................... 11

            3.      Citrix Has Sufficiently Pleaded Its License, Implied License, and Exhaustion Defenses. ........................................................ 13

      B.      K.Mizra's Second Motion is Harassing and Vexatious ..................................... 15

V.      CONCLUSION.................................................................................................. 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.C. Aukerman Co. v. R. L. Chaides Constr. Co.*,
  960 F.2d 1020 (Fed. Cir. 1992)......................................................................................11, 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................................4, 5

*Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*,
  605 F.3d 1305 (Fed. Cir. 2010)..........................................................................................13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................................................4, 5

*Cayago Ams., Inc. v. Heinen*,
  No. 21-CV-61035-RUIZ/STRAUSS, 2022 WL 2806530 (S.D. Fla. Apr. 28,
  2022) ..................................................................................................................................6

*Dist. Brewing Co. v. CBC Rest., LLC*,
  No. 2:15-CV-3114, 2016 WL 1366230 (S.D. Ohio Apr. 6, 2016) .........................................12

*Flexiteek Ams., Inc. v. Nuteak Decking, Inc.*,
  No. 08-60995-CIV-DIMITROULEAS, 2009 WL 10664821 (S.D. Fla. July 9,
  2009) ..........................................................................................................................5, 7, 8

*Flexiteek Ams. v. Tek-Dek, Ltd.*,
  No. 08-60995-SNOW, 2014 WL 11517848 (S.D. Fla. Mar. 28, 2014) ...........................5, 7

*Hall v. Aqua Queen Mfg., Inc.*,
  93 F.3d 1548 (Fed. Cir. 1996)............................................................................................12

*Holtzman v. B/E Aerospace, Inc.*,
  No. 07-80551, 2008 WL 2225668 (S.D. Fla. May 29, 2008)................................................15

*Hynix Semiconductor Inc. v. Rambus Inc.*,
  645 F.3d 1336 (Fed. Cir. 2011)..........................................................................................10

*K.Mizra LLC v. Google LLC*,
  1-25-cv-00236 (W.D. Tex. Feb. 18, 2025) ............................................................................13

*K.Mizra LLC v. SonicWall Inc.*,
  1-25-cv-00047 (D. Del. Jan. 10, 2025) .................................................................................13

*KPR U.S., LLC v. LifeSync Corp.*,
  No. 22-CV-60468-RAR, 2023 WL 5529176 (S.D. Fla. Aug. 27, 2023)................................12

*Mad Room, LLC v. City of Miami*,
   2024 WL 2776173 (S.D. Fla. May 30, 2024) ...........................................................9

*Mars, Inc. v. Trurx LLC*,
   No. 6:13-cv-526-RWS-KNM, 2016 WL 4055676 (E.D. Tex. Apr. 29, 2016).......................10

*Northrop & Johnson Holding Co. v. Leahy*,
   No. 16-cv-63008, 2017 U.S. Dist. LEXIS 193365 (S.D. Fla. Nov. 22, 2017) .......................16

*PetEdge, Inc. v. Fortress Secure Sols., LLC*,
   No. 15-11988-FDS, 2016 WL 407065 (D. Mass. Feb. 2, 2016) ............................................11

*Qualcomm Inc. v. Broadcom Corp.*,
   548 F.3d 1004 (Fed. Cir. 2008)..........................................................................................9, 10

*R.D. Jones v. Carmanah Techs. Corp.*,
   No. 13-80695-KMM (S.D. Fla. Jan. 5, 2014) (*see* Ex. 4 ; Ex. 5 ) ...............................6, 7, 8, 15

*Reef Azul, LLC v. Potter*,
   No. 22-CV-80815-WPD, 2022 WL 17583739 (S.D. Fla. July 28, 2022) ...........................2, 17

*Royal Palm Sav. Ass'n v. Pine Trace Corp.*,
   716 F. Supp. 1416 (M.D. Fla. 1989) .................................................................................15

*SEC v. Duarte*,
   No. 0:24-cv-61772-WPD, 2025 WL 1568297 (S.D. Fla. Jan. 28, 2025) ...................1, 4, 9, 15

*Teirstein v. AGA Med. Corp.*,
   No. 6:08cv14, 2009 U.S. Dist. LEXIS 125002 (E.D. Tex. Feb. 13, 2009) ...................5, 6, 7, 8

*Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*,
   103 F.3d 1571 (Fed. Cir. 1997).........................................................................................11

**Statutes**

35 U.S.C. § 101...................................................................................................................6, 7

35 U.S.C. § 102...................................................................................................................6, 8

35 U.S.C. § 103....................................................................................................................6

35 U.S.C. § 112....................................................................................................................6

35 U.S.C. § 282....................................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 8(a) ........................................................................................................4, 5, 6, 7

Fed. R. Civ. P. 8(d)(2)................................................................................................................13, 14

Fed. R. Civ. P. 9(b) ................................................................................................................11, 14

Fed. R. Civ. P. 12(f)..................................................................................................................4, 7

Fed. R. Civ. P. 26(e) ....................................................................................................................6

Local Rule 7.1(a)(3)........................................................................................................2, 16, 17

## I.      INTRODUCTION

Plaintiff K.Mizra LLC's ("K.Mizra") Second Motion to Strike Defendants Cloud Software Group, Inc.'s and Citrix Systems, Inc.'s (collectively, "Citrix") Affirmative Defenses 2 (in part), 3, and 4 ("Second Motion") should be denied for two independent reasons.

First, K.Mizra's Second Motion is meritless. K.Mizra has failed to allege *any* prejudice, a required element for a motion to strike. What is more, Citrix's pleading of its Second, Third, and Fourth defenses goes far above and beyond the pleading requirements. K.Mizra's Second Motion misstates the law and improperly attacks the merits of Citrix's defenses, not their sufficiency.

Second, the disputes K.Mizra raises in its Second Motion are inconsequential, and the Second Motion accordingly serves no purpose other than to harass Citrix and waste judicial resources. *SEC v. Duarte*, No. 0:24-cv-61772-WPD, 2025 WL 1568297, at *1 (S.D. Fla. Jan. 28, 2025) ("Striking an affirmative defense is a drastic remedy that is disfavored" in part "because it often is sought by the movant simply as a dilatory or harassing tactic."). K.Mizra's First Motion ("First Motion") to Strike Citrix's Affirmative Defenses lacked merit, but Citrix chose to amend its defenses rather than burden this Court with unnecessary motion practice. Accordingly, before filing its Amended Answer, Citrix sent K.Mizra a draft of its amended defenses to address the disputes raised in K.Mizra's First Motion. K.Mizra responded by providing Citrix with written consent. Citrix, believing the issues in K.Mizra's First Motion had been fully resolved, filed its Amended Answer on November 14, 2025. Yet three weeks later, and just one day before filing the instant motion, K.Mizra informed Citrix of its intent to file the Second Motion—without specifying why any of Citrix's amended defenses were purportedly deficient. At Citrix's request, the parties met and conferred, but K.Mizra made no good faith effort to resolve any disputes by email or during the meet and confer held just hours before K.Mizra filed the Second Motion as a

result of K.Mizra's delay. Citrix did not have a meaningful opportunity to consider and respond to K.Mizra's positions. The Court should deny K.Mizra's Second Motion because it is vexatious and harassing and because K.Mizra never meaningfully met and conferred with Citrix. *See Reef Azul, LLC v. Potter*, No. 22-CV-80815-WPD, 2022 WL 17583739, at *1 (S.D. Fla. July 28, 2022) (denying motion to strike affirmative defenses for plaintiff's failure to satisfy Local Rule 7.1(a)(3)).

## II.    FACTUAL BACKGROUND

K.Mizra filed this action on April 24, 2025, alleging infringement of U.S. Patent No. 8,234,705. ECF No. 1. On October 13, 2025, Citrix filed its Answer and Affirmative Defenses to K.Mizra's Complaint. ECF No. 37. Two weeks later, K.Mizra informed Citrix of its intent to move to strike certain affirmative defenses. On October 31, 2025, in an attempt to resolve these issues without the need for motion practice, Citrix responded that it would amend its defenses even though it disagreed that its defenses were deficient. Ex. 1 at 12 (Oct. 31, 2025 email from M. Strapp). In response, K.Mizra stated that it would "consent to Citrix amending its affirmative defenses by this Friday [November 7], as long as the amendment is limited to addressing the pleading deficiencies and does not add any new claims or defenses." *Id.* at 11 (Oct. 31, 2025 email from B. Boerman). Citrix agreed to extend K.Mizra's deadline to move to strike from November 3 to November 7, 2025 so that the parties could resolve their disputes, but K.Mizra chose instead to file its First Motion on November 3. ECF No. 40.

On November 7, 2025, Citrix provided K.Mizra with a draft of its amended answer, which Citrix believed resolved the issues presented in K.Mizra's First Motion. Ex. 1 at 4 (Nov. 7, 2025 email from M. Middleton). On November 10, 2025, K.Mizra responded by asking Citrix to make four additional changes to its draft amended answer. *Id.* at 2-3 (Nov. 10, 2025 email from B.

2

Boerman). Of particular relevance, K.Mizra's raised the following dispute:

> First, in your second defense, we had noted that your pleading of this defense was open ended and your use of "and/or" was somewhat confusing. Paragraph 2 should be amended to specify that you are relying on 101, 102, 103, and 112, rather than suggesting there may be other defenses that you have not specifically identified.

*Id.* at 3. In response, Citrix provided K.Mizra with a revised draft amended answer removing the "/or," which Citrix believed resolved this dispute. *See id.* at 2 (Nov. 11, 2025 1:36 pm email from M. Middleton). K.Mizra did not raise any further issue with paragraph 2. Thus, Citrix understood that any remaining disputes regarding its Second Defense of Invalidity had been resolved.

Citrix's revised amended answer also addressed two additional edits K.Mizra had requested regarding Citrix's equitable doctrines and reservation of rights. *Id.* The fourth and final change K.Mizra requested to Citrix's draft amended defenses concerned Citrix's reference to "invalidity contentions or expert reports served on K.Mizra by any party." *Id.* at 3 (Nov. 10, 2025 email from B. Boerman). K.Mizra contended "these references are inappropriate and should be removed." *Id.* In response, Citrix requested that K.Mizra provide legal support for its position. *Id.* at 2 (Nov. 11, 2025 email from M. Middleton). K.Mizra did not respond to this request. Instead, K.Mizra provided written consent to Citrix to file its amended answer. *Id.* at 1 (Nov. 12, 2025 email from B. Boerman).  K.Mizra's written consent for Citrix to file its amended answer indicated that all issues with K.Mizra's First Motion had been resolved and that no additional motion to strike would be forthcoming. As such, Citrix filed its Amended Answer on November 14, 2025, and the Court denied K.Mizra's First Motion as moot. ECF Nos. 44-45.

Three weeks later, K.Mizra informed Citrix of its intent to file a Second Motion. Ex. 2 at 4 (Dec. 4, 2025 11:08 am email from B. Boerman). After multiple requests from Citrix, K.Mizra provided the purported bases for its Second Motion after the close of business on December 4. *Id.* at 1 (Dec. 4, 2025 6:26 pm email from B. Boerman). Citrix then requested that K.Mizra explain

why it "waited until 6:26 pm on December 4, the day before K.Mizra intends to file a motion to strike, to inform Citrix of the bases for its forthcoming motion." Ex. 3 at 4 (Dec. 4, 2025 6:33 pm email from M. Strapp). K.Mizra did not respond to Citrix's request.

At Citrix's request, the parties spoke at 11:00 am the morning of December 5, 2025—the day K.Mizra's Second Motion was due. Citrix again asked K.Mizra why it had waited until the last possible moment to inform Citrix of its intent to file the Second Motion. *Id.* at 2 (Dec. 5, 2025 email from A. Desai). Citrix stated that because K.Mizra had unreasonably waited until the eve of filing its Second Motion to inform Citrix of its intent to file, the parties had been deprived of a meaningful opportunity to resolve their disputes and avoid motion practice. *Id.* at 3. K.Mizra's only response was to inform Citrix that it did not finalize the "entire basis" for the motion to strike until December 4. *Id.*

## III. LEGAL STANDARD

"Striking an affirmative defense is a drastic remedy that is disfavored and that will be granted only if it is clear that the defense must fail." *Duarte*, 2025 WL 1568297, at *1. "Furthermore, both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, … motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Id.* (internal quotations omitted). To prevail on a motion to strike, "it must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Id.* This Court applies the pleading standard imposed by Rule 8(a) and *Twombly*/*Iqbal* to affirmative defenses. *Duarte*, 2025 WL 1568297, at *1 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, n.3 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Rule 8(a)(2) requires "a short and plain statement of the

claim showing that the pleader is entitled to relief," sufficient to give the opposing party fair notice of the claim and its grounds. *See Twombly*, 550 U.S. at 555-56, n.3. The pleading must articulate enough facts to raise a plausible right to relief on the assumption that all of the non-conclusory, factual allegations are true. *Id.* at 555; *Iqbal*, 556 U.S. at 679. Thus, "[a]n affirmative defense must be stricken when the defense comprises no more than bare-bones, conclusory allegations." *Flexiteek Ams., Inc. v. Nuteak Decking, Inc.,* No. 08-60995-CIV-DIMITROULEAS, 2009 WL 10664821, at *1 (S.D. Fla. July 9, 2009). "However, where a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Id.* "[A]n affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove." *Id.*

## IV.  ARGUMENT

### A.  K.Mizra's Request to Strike Citrix's Defenses Is Meritless

#### 1.  Citrix Sufficiently Pleaded Its Second Defense Of Invalidity

Invalidity is a statutory defense to patent infringement, and the patent statute states that invalidity "shall be pleaded" in "any action involving the validity or infringement of a patent." 35 U.S.C. § 282. Courts in the Southern District of Florida and elsewhere have held that pleading the statutory bases for invalidity alone, even without supporting facts, is sufficient to plead invalidity under Rule 8(a). *Flexiteek Ams. v. Tek-Dek, Ltd.*, No. 08-60995-SNOW, 2014 WL 11517848, at *3 (S.D. Fla. Mar. 28, 2014) ("by alleging the statutory basis for the patent invalidity claim, the Defendant has satisfied the requirements of Rule 8(a) by giving fair notice of the grounds for the claim"); *Teirstein v. AGA Med. Corp.*, No. 6:08cv14, 2009 U.S. Dist. LEXIS 125002, at *14 (E.D. Tex. Feb. 13, 2009). Indeed, Rule 8(a) does not require a defendant pleading an invalidity affirmative defense or counterclaim "to state facts as to why [a] patent is invalid or to list

invalidating prior art." *Teirstein*, 2009 U.S. Dist. LEXIS 125002, at *14. To suggest otherwise "would be to heighten the pleading standard for an invalidity counterclaim." *Id.* Thus, in *R.D. Jones*, the court denied a motion to strike the following invalidity defense under Rule 8(a):

> Third Affirmative Defense: "The claims of the '654 patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code including, without limitation, 101, 102, 103, and/or 112.

*Compare R.D. Jones v. Carmanah Techs. Corp.*, No. 13-80695-KMM (S.D. Fla. Jan. 5, 2014) (*see* Ex. 4 at 3-4; Ex. 5 at 3). In sum, patent holders are not entitled to demand that defendants include specific theories in affirmative defenses, but, instead, "must utilize contention interrogatories or other traditional discovery mechanisms" to obtain information regarding the specific theories and facts that defendants intend to rely upon in support of an invalidity defense. *Cayago Ams., Inc. v. Heinen*, No. 21-CV-61035-RUIZ/STRAUSS, 2022 WL 2806530, at *4 (S.D. Fla. Apr. 28, 2022).

K.Mizra's demand for Citrix to specify the theories and factual support for each of its defenses is at odds not only with the weight of authority from this court and others around the country, but also with K.Mizra's approach to its own infringement claims. In particular, K.Mizra has taken the position that it may allege infringement of patent claims not specifically identified in K.Mizra's complaint. *Compare* ECF No. 1 at ¶ 27 ("K.Mizra asserts that at least, and without limitation, Claim 19 of the '705 Patent has been directly infringed"), *with* Ex. 6 at 3 ("PLAINTIFF identifies the following ASSERTED CLAIMS as of the service date of this First Set of Interrogatories: 1, 2, 3, 9, 10, 11, 12, 13, 16, 17, 18, 19"). In any event, K.Mizra is well aware that Citrix has already served an invalidity contention interrogatory response identifying the specific invalidity theories that Citrix will rely upon under 35 U.S.C. §§ 101, 102, 103, and 112 and that Citrix will timely supplement that response pursuant to Fed. R. Civ. P. 26(e). Ex. 7 at 2-9 (Responses to Interrogatory Nos. 1-2 asking Citrix to "Identify the full basis for YOUR contention

that the ASSERTED CLAIMS are invalid under 35 U.S.C. §§ 102 or 103" and "Describe in detail the full basis for YOUR contention that the ASSERTED CLAIMS are invalid under 35 U.S.C. § 101.").

The critical and indisputable point is that Citrix's original answer, which identified the statutory bases for Citrix's invalidity defense, satisfied the pleading standard under Rule 8(a). ECF Nos. 37, 44. It was not necessary for Citrix to identify specific prior art or theories of invalidity. *Teirstein*, 2009 U.S. Dist. LEXIS 125002, at *14; *Flexiteek*, 2014 WL 11517848, at *3; *R.D. Jones*, No. 13-80695-KMM (Ex. 4 at 3-4; Ex. 5 at 3).    In fact, Citrix's factual allegations in its Amended Answer go well above and beyond what is required to meet the pleading standard under Rule 8(a). Indeed, K.Mizra does not allege that Citrix's Second Defense concerning invalidity is "an insufficient defense." *See* Fed. R. Civ. P. 12(f).

K.Mizra points to inconsequential wording in Citrix's invalidity defense to suggest that portions of Citrix's Second Defense are somehow improper. But, notably, K.Mizra does not even attempt to allege that it is prejudiced by the paragraphs it seeks to strike. K.Mizra cites non-binding and unpersuasive non-patent decisions from other districts as "authority" to support its attempt to strike paragraphs 3, 4, 7, and 8, in full, and (in footnote 2 only) paragraphs 5 and 9, in part, because of Citrix's reference in these paragraphs "to pleadings or assertions in other cases or patent office proceedings." Mot. at 4. But there is nothing improper about any of these portions of Citrix's Second Defense. K.Mizra complains that these paragraphs do not "provide appropriate notice of the facts," but at the pleading stage, Citrix was not required to list every specific prior art reference and invalidity theory it plans to assert at trial to plead the affirmative defense of invalidity. *Teirstein*, 2009 U.S. Dist. LEXIS 125002, at *14; *Flexiteek*, 2014 WL 10664821, at *3; *R.D. Jones*, No. 13-80695-KMM (Ex. 4 at 3-4; Ex. 5 at 3).

Moreover, paragraphs 3, 4, 5, 7, 8, and 9 of Citrix's Second Defense identify prior art already within K.Mizra's possession, and thus these paragraphs provide K.Mizra full notice of the facts on which Citrix's invalidity defense is based. For example, paragraphs 3 and 7 cite to the following prior art:

> [A]ny reference listed on the face of the patent, cited or referred to in the prosecution histories of the patents at issue, foreign counterparts to those patents, and related U.S. and foreign patents, and the prior art identified by any party in any litigation involving the asserted patent in any court, proceeding, or tribunal.

K.Mizra cannot argue in good faith that it is not aware of these documents and what they contain. As the purported owner of the asserted patent (ECF No. 1 at ¶ 2), K.Mizra knows what prior art is cited on the face of its own patent and referenced in the patent's prosecution history, foreign counterparts to that patent, and related U.S. and foreign patents. K.Mizra also knows what prior art has been "identified by any party in any litigation involving the asserted patent."

Paragraphs 4 and 8 similarly identify prior art disclosed to K.Mizra in any litigation involving a related patent with similar claims to the asserted patent, and paragraphs 5 and 9 relate to prior art identified in Citrix's *inter partes* review ("IPR") petition that challenged the validity of the asserted patent before the Patent Office. K.Mizra's reliance on inapposite, non-patent case law outside this district as purported support for its request to strike portions of Citrix's Second Defense is misplaced. K.Mizra's cases concern instances where there was insufficient "notice to all parties of what is contained in the adopted statements," a concern not present here.

For the same reasons, the specific deficiencies K.Mizra identifies fall flat. *See* Mot. at 4-5. It is irrelevant that the cited IPRs do not contain any anticipation challenges under 35 U.S.C. § 102 or that Citrix could have identified prior art from other proceedings because Citrix was not required to plead any specific prior art references or theories. *Teirstein*, 2009 U.S. Dist. LEXIS 125002, at *14; *Flexiteek*, 2014 WL 10664821, at *3; *R.D. Jones*, No. 13-80695-KMM (Ex. 4 at 3-4; Ex. 5

at 3).

K.Mizra's attempt to strike Citrix's reference to "Defendants' forthcoming contentions" in paragraphs 6 and 10 is also misplaced and should be rejected. K.Mizra argues that invalidity contentions "are not required by the Local Rules and are not in the scheduling order," ignoring the fact that K.Mizra served interrogatories requesting Citrix's invalidity contentions. K.Mizra also cites a case from the Eastern District of Texas to argue that it is improper to rely on contentions to cure a deficiency in the complaint—but K.Mizra does not allege that Citrix is using contentions to cure any deficiency in its Second Defense. K.Mizra is also incorrect when it contends that relying on invalidity contentions or expert reports is akin to a reservation of rights. As in every patent case, the parties will discover the opposing side's respective infringement and invalidity theories through discovery.

### 2. Citrix Has Sufficiently Pleaded Its Equitable Defenses.

K.Mizra improperly attacks the merits of Citrix's equitable defenses, not their sufficiency. *Mad Room, LLC v. City of Miami*, 2024 WL 2776173, at *2 (S.D. Fla. May 30, 2024) ("it is not appropriate for the [c]ourt to consider the merits of any affirmative defense"). K.Mizra has failed to show "that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *SEC*, 2025 WL 1568297, at *1. Indeed, K.Mizra has not argued that it is prejudiced at all.

### a. Waiver Is Sufficiently Pleaded.

K.Mizra is mistaken regarding the elements of waiver. In *Qualcomm*, the Federal Circuit cited with approval the lower court's advisory jury instruction, which explained:

In order to prove waiver, Broadcom must show by clear and convincing evidence either that Qualcomm, with full knowledge of the material facts, intentionally relinquished its rights to enforce the 104 and 767 patents or that its conduct was so

> inconsistent with an intent to enforce its rights as to induce a reasonable belief that
> such right has been relinquished.

*Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1020 (Fed. Cir. 2008). Here, Citrix alleges

implied waiver, and thus Citrix must plead facts showing K.Mizra's "conduct was so inconsistent

with an intent to enforce its rights as to induce a reasonable belief that such right has been

relinquished." *Id.*; *see also Hynix Semiconductor Inc. v. Rambus Inc.*, 645 F.3d 1336, 1347-48

(Fed. Cir. 2011).

Citrix has alleged facts sufficient to meet this standard. For example, Citrix alleges that

K.Mizra's inaction and long periods of silence between sending letters to Citrix and then filing

this lawsuit "demonstrates K.Mizra's inconsistency with respect to asserting its rights such that it

has induced a reasonable belief that K.Mizra's rights have been relinquished." ECF No. 44

(Affirmative Defenses) at ¶¶ 17-18.

K.Mizra's arguments fail to show otherwise. First, K.Mizra argues that Citrix fails to plead

sufficient facts that K.Mizra had knowledge of any existing right, but, to the contrary, Citrix pleads

that "K.Mizra's complaint suggests that it was aware of [the accused product] since at least August

2022." ECF No. 46 (Affirmative Defenses) at ¶ 17. K.Mizra's argument merely raises a factual

dispute regarding whether K.Mizra actually had knowledge of an existing right, not a basis for

striking this defense.

Second, K.Mizra argues that silence alone is insufficient to serve as an "actual intention to

relinquish that right" in the absence of a duty to speak. But an actual intention to relinquish that

right is not an element of implied waiver. *Qualcomm*, 548 F.3d at 1020. Additionally, K.Mizra is

mistaken on the law—silence or inaction alone may, in fact, support implied waiver. *Mars, Inc. v.

Trurx LLC*, No. 6:13-cv-526-RWS-KNM, 2016 WL 4055676, at *2 (E.D. Tex. Apr. 29, 2016)

(rejecting an identical argument to the one K.Mizra makes here). Further, the *Hess* case K.Mizra

cites applies Indiana state law and is inapplicable. Citrix has properly pleaded waiver and K.Mizra's request to strike this defense should be denied.

### b.   Citrix's Equitable Estoppel And Acquiescence Defenses Are Sufficiently Pleaded.

K.Mizra is also incorrect regarding the applicable law for pleading a defense of equitable estoppel. Although Rule 9(b) may apply to an equitable estoppel defense in some cases, Citrix's allegations are not based in fraud or mistake, and Rule 9(b) is therefore inapplicable. *PetEdge, Inc. v. Fortress Secure Sols., LLC*, No. 15-11988-FDS, 2016 WL 407065, at *4 n.1 (D. Mass. Feb. 2, 2016) (declining to apply Rule 9(b) to defendant's equitable estoppel defense because the allegations did "not necessarily allege fraud"). Indeed, "misleading" conduct does not necessarily rise to the level of fraud, and the Federal Circuit has held that "fraud or wrongful intent is not necessary to create an estoppel." *A.C. Aukerman Co. v. R. L. Chaides Constr. Co.*, 960 F.2d 1020, 1043 n.18 (Fed. Cir. 1992). Citrix's defense is not grounded in fraud or mistake, and thus Rule 9(b) does not apply. *See* Fed. R. Civ. P. 9(b). Regardless, Citrix's allegations meet the pleading standards of Rule 8 and Rule 9(b).

The Federal Circuit has "described a typical equitable estoppel situation as one in which (1) the infringer knows of the patent, (2) the patentee objects to the infringer's activities, (3) but the patentee does not seek relief until much later, (4) thereby misleading the infringer to believe the patentee will not act." *Wang Labs., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1581 (Fed. Cir. 1997) (citing *A.C. Aukerman.* 960 F.2d at 1042-43). Citrix alleges this "typical" situation in its amended defense, including by alleging that "K.Mizra's conduct, through its silence with respect to Citrix, led Citrix to reasonably believe that K.Mizra did not intend to enforce its patent rights." ECF No. 44 (Affirmative Defenses) at ¶ 19. "In particular," as Citrix explains, "in its complaint, K.Mizra alleges that although it contacted Citrix as early as August 2022, it never filed

any lawsuit until April 2025." *Id.*

K.Mizra attacks the merits of Citrix's equitable estoppel and acquiescence defenses and raises factual disputes. Those arguments should be disregarded in the context of a motion to strike. For example, K.Mizra contends that its silence is insufficient to support misleading conduct, but the Federal Circuit has held silence sufficient where "the patentee's continued silence reinforces the defendant's inference from the plaintiff's known acquiescence that the defendant will be unmolested." *A.C. Aukerman*, 960 F.2d at 1043-44; *see also Dist. Brewing Co. v. CBC Rest., LLC*, No. 2:15-CV-3114, 2016 WL 1366230, at *4 (S.D. Ohio Apr. 6, 2016) ("Acquiescence can be found from misleading the defendant through silence."). That is exactly what Citrix has pleaded here.

Moreover, Citrix has alleged that K.Mizra first contacted Citrix in August 2022, then stayed silent for almost a year until April 2023, when it again contacted Citrix, and then went quiet again until it filed this lawsuit in January 2025. This multi-year pattern of activity is conduct that may give rise to defenses of equitable estoppel and acquiescence. *KPR U.S., LLC v. LifeSync Corp.*, No. 22-CV-60468-RAR, 2023 WL 5529176, at *10 (S.D. Fla. Aug. 27, 2023) (holding that "Plaintiffs' multi-year silence followed by an attempt to enforce their patents (which was then followed by even more silence)" was sufficient to support equitable estoppel); *Hall v. Aqua Queen Mfg., Inc.*, 93 F.3d 1548, 1557-58 (Fed. Cir. 1996) (holding that a large gap in time between "mailing notice letters that threatened immediate enforcement" and filing suit was sufficient basis for estoppel defense).

K.Mizra's silence was particularly misleading given that K.Mizra's business model is to assert patent infringement cases. Indeed, K.Mizra pursued infringement cases against other defendants during this time period. The Court may take judicial notice of K.Mizra's other patent

infringement cases. *See, e.g., K.Mizra LLC v. Google LLC*, 1-25-cv-00236 (W.D. Tex. Feb. 18, 2025); *K.Mizra LLC v. SonicWall Inc., 1-25-cv-00047* (D. Del. Jan. 10, 2025). For all of these reasons, Citrix has sufficiently pleaded facts to support its equitable estoppel and acquiescence defenses (*i.e.*, multiple letters from K.Mizra to Citrix followed by long periods of silence while pursuing other defendants for claims of infringement involving the same patent K.Mizra now asserts against Citrix).

The additional quibbles K.Mizra raises with respect to Citrix's equitable estoppel and acquiescence defenses are immaterial. K.Mizra contends that any inaction is attributable to Citrix, but that is a factual dispute that will be resolved during discovery. K.Mizra further alleges that Citrix did not plead reliance or material prejudice, but, to the contrary, Citrix has pleaded facts regarding K.Mizra's silence and explained that "Citrix would be materially prejudiced if K.Mizra were allowed to proceed with its infringement claim." ECF No. 44 (Affirmative Defenses) at ¶ 20; *see also Aspex Eyewear, Inc. v. Clariti Eyewear, Inc*., 605 F.3d 1305, 1312 (Fed. Cir. 2010) ("[R]eliance on Aspex's silence after its aggressive letters, represents a significant change in economic position and constitutes material prejudice sufficient to support equitable estoppel."). Citrix has sufficiently pleaded equitable estoppel and acquiescence and K.Mizra's motion to strike these defenses should be denied.

### 3.  Citrix Has Sufficiently Pleaded Its License, Implied License, and Exhaustion Defenses.

K.Mizra also improperly attacks the merits of Citrix's license and exhaustion defenses, not the sufficiency of Citrix's pleading. Citrix has explained in its amended defenses that "K.Mizra's allegations of infringement described in its Complaint will necessarily implicate products and services offered by third parties" that are used in conjunction with the accused product. ECF No. 44 (Affirmative Defenses) at ¶ 23. Pursuant to Rule 8(d)(2), Citrix properly pleaded license and

implied license defenses in the alternative, asserting both defenses as it investigates the facts related to its defenses during discovery. *See* Rule 8(d)(2) ("If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."). K.Mizra argues that these allegations are "speculative" and criticizes Citrix for not identifying a specific license, but these defenses are not subject to a heightened pleading standard, as K.Mizra concedes. *See* Second Motion at 12-14. Citrix is not required to prove its case at this stage of the litigation.

Instead, Citrix has properly served discovery requests to investigate its reasonable belief that express and/or implied licenses exist, and it has pleaded with specificity the basis for this reasonable belief. In particular, K.Mizra's infringement allegations are directed to a Citrix product that can be used with "trusted platform module" components of third-party laptops and client devices. Indeed, each claim of U.S. Patent No. 8,234,705 includes limitations requiring this "trusted platform module," including asserted claim 19, and K.Mizra and its predecessors in interest have asserted the same patent in prior litigation against manufacturers and sellers of laptops and devices with "trusted platform module" components, litigation that, upon information and belief, resulted in licenses granted by K.Mizra to the defendant manufacturers and retailers. *See* ECF No. 44 at ¶ 23. Thus, Citrix has plausibly alleged facts in support of its license defenses.

Regarding exhaustion, K.Mizra's criticisms that Citrix has not identified who sold "trusted platform module" devices, or described their sale, are again arguments directed to the merits of the defense, not its sufficiency. Citrix is not required to prove its defense at this stage, and it has properly put K.Mizra on notice of the facts supporting Citrix's reasonable belief of its exhaustion defense, which Citrix is entitled to investigate in discovery. Moreover, K.Mizra again concedes that this defense does not need to be pleaded with particularity under Rule 9(b), and thus Citrix is not required to plead the "who" or the "what" of each defense. *See* Second Motion at 14-15.

K.Mizra's argument that Citrix has not proven whether any "trusted platform module" sold with K.Mizra's authorization "substantially embodies" the asserted patent fundamentally misunderstands the function of a motion to strike. *Duarte*, 2025 WL 1568297, at *1. K.Mizra's argument is directed to questions of fact—involving information largely within K.Mizra's possession, not Citrix's—and thus implicates the merits of the exhaustion defense, not its sufficiency. K.Mizra does not even attempt to show that the exhaustion defense "must fail" (*id.*), and the motion should therefore be denied.

### B.    K.Mizra's Second Motion is Harassing and Vexatious

K.Mizra's Second Motion is the paradigmatic example of a harassing and vexatious motion to strike. *SEC*, 2025 WL 1568297, at *2 (striking a pleading "often is sought by the movant simply as a dilatory or harassing tactic"). Citrix spent significant time and effort attempting to resolve K.Mizra's serial disputes concerning Citrix's affirmative defenses, including by sending K.Mizra a draft amended answer. Last month, K.Mizra even provided Citrix written consent to file the Amended Answer. But K.Mizra then inexplicably withdrew that consent and ambushed Citrix with its Second Motion instead of engaging in a good faith meet and confer process to attempt to resolve the additional disputes K.Mizra elected not to raise when it filed its First Motion. These tactics serve only to force Citrix and this Court to needlessly spend time on matters that should have been resolved between the parties. *See R.D. Jones*, No. 13-80695-KMM (Ex. 5 at 2) ("[M]otions to strike are disfavored by the courts and several courts have characterized these motions as 'time wasters.'") (*citing Holtzman v. B/E Aerospace, Inc.*, No. 07-80551, 2008 WL 2225668, at *1 (S.D. Fla. May 29, 2008); *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1417 (M.D. Fla. 1989)).

The vexatious nature of K.Mizra's Second Motion is also evidenced by the arguments K.Mizra raises in the Second Motion. For example, K.Mizra seeks to strike inconsequential

wording in Citrix's Second Defense such as "*et seq.*" and "at least" that has no impact on the case. K.Mizra makes no attempt to argue that it is prejudiced by these words. The Court should deny K.Mizra's Second Motion on this basis alone. *Northrop & Johnson Holding Co. v. Leahy*, No. 16-cv-63008, 2017 U.S. Dist. LEXIS 193365, at *9 (S.D. Fla. Nov. 22, 2017) (declining to strike an inconsequential reservation of rights). To hold otherwise would be to encourage motions to strike filed for harassing and dilatory reasons.

Additionally, the Court should deny K.Mizra's Second Motion because K.Mizra failed to comply with the meet and confer requirements set out in the local rules when it chose to raise these inconsequential disputes. For example, although Citrix disagrees that it is necessary to remove any portion of paragraph 2, Citrix would have considered amending its answer as K.Mizra requests to avoid motion practice had K.Mizra complied with Local Rule 7.1(a)(3). K.Mizra argues that it raised the same issues it raises now in its First Motion, but as discussed above, K.Mizra led Citrix to believe that when Citrix removed the "/or" from paragraph 2 of its Amended Answer it had resolved all disputes regarding this paragraph. Ex. 3 at 3 (Dec. 5, 2025 2:16 pm email from A. Desai). K.Mizra contends it "assumed" that Citrix was against making the amendment that it now requests in its Second Motion, even though it never discussed that assumption with Citrix. *Id.* at 1 (Dec. 5, 2025 6:26 pm email from B. Boerman) ("We therefore assumed that Citrix was against making that amendment…").

Because K.Mizra only informed Citrix that it intended to file the Second Motion the day before it filed the Motion and because K.Mizra refused to provide Citrix with the bases for its Second Motion until after the close of business that same day, the parties did not have an adequate opportunity to discuss, let alone attempt to resolve, the issues raised in K.Mizra's Second Motion. K.Mizra's litigation-by-ambush techniques undermined the policy goals promoted by the meet-

and-confer requirements of Local Rule 7.1(a)(3) and K.Mizra's Second Motion should also be denied for this reason. *See Reef Azul*, 2022 WL 17583739, at *1 (denying motion to strike affirmative defenses for plaintiff's failure to satisfy Local Rule 7.1(a)(3)).

## V.      CONCLUSION

For the foregoing reasons, Citrix respectfully requests that this Court deny K.Mizra's Second Motion to Strike.

Dated: December 19, 2025                                Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Jose M. Espinosa*
Ardith Bronson, Esq.
Florida Bar Number: 423025
ardith.bronson@us.dlapiper.com
Jose M. Espinosa, Esq.
Florida Bar Number: 1030890
jose.espinosa@us.dlapiper.com
DLA Piper LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8562

Michael Strapp, Esq.
Admitted *pro hac vice*
michael.strapp@us.dlapiper.com
Safraz Ishmael, Esq.
Admitted *pro hac vice*
safraz.ishmael@us.dlapiper.com
DLA Piper LLP (US)
33 Arch Street
26th Floor
Boston, Massachusetts 02110
Telephone: (617)406-6031

Ankur Desai, Esq.
Admitted *pro hac vice*
ankur.desai@us.dlapiper.com
DLA Piper LLP (US)
500 Eighth Street, NW
Washington, D.C. 20004
Telephone: (202) 799-4716

Mary Dahl, Esq.
Admitted *pro hac vice*
Mary.dahl@us.dlapiper.com
DLA Piper LLP (US)
3203 Hanover Street, Suite 100
Palo Alto, CA 94304
Telephone: (650) 833-2000

Matthew Middleton, Esq.
Admitted *pro hac vice*
Matthew.middleton@us.dlapiper.com
DLA Piper LLP (US)
1201 N. Market St., Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5675

*Counsel for Defendants Citrix System, Inc.
and Cloud Software Group, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 19, 2025, I electronically filed the foregoing document via CM/ECF, which caused a true and correct copy to be served electronically upon all entitled parties.

*/s/ Jose M. Espinosa*
Jose M. Espinosa, Esq.
