UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-60803-WPD

K.MIZRA LLC,

    Plaintiff,

v.

CITRIX SYSTEMS, INC., and
CLOUD SOFTWARE GROUP, INC.,

    Defendants.
_____/

**PLAINTIFF K.MIZRA LLC'S REPLY IN SUPPORT OF ITS SECOND MOTION TO STRIKE DEFENDANTS CITRIX SYSTEMS, INC.'S AND CLOUD SOFTWARE GROUP, INC.'S AFFIRMATIVE DEFENSES 2 (IN PART), 3, AND 4**

**I.    INTRODUCTION**

Defendants Citrix Systems, Inc. and Cloud Software Group, Inc. (collectively, "Citrix") have raised several facially invalid affirmative defenses that should now be stricken. Specifically, Citrix's affirmative defense of invalidity should be partially stricken for being overinclusive and improperly relying on incorporation by reference. Their equitable defenses, which rely entirely on the fact that Citrix ignored Plaintiff K.Mizra LLC's ("K.Mizra") attempt to discuss licensing prior to bringing suit, fail as a matter of law. Indeed, K.Mizra's Second Motion to Strike (ECF No. 52) ("Motion") similarly shows Citrix's license and exhaustion defenses are likewise facially invalid, failing to identify any purported licensees or allegedly licensed or exhausted products. For the reasons set forth in K.Mizra's Motion, these improper defenses should all be stricken.

Importantly, Citrix fails to refute K.Mizra's well-articulated points in their Response (ECF No. 56). Citrix first fails to justify their vague and overinclusive language or demonstrate why incorporating documents by reference is proper in the context of an affirmative defense. They then misstate the law concerning equitable defenses, ignoring clear precedents establishing that even if Citrix's allegations concerning K.Mizra's inactivity were true, the conduct would still fail to justify any equitable relief as a matter of law. Citrix next asserts that their license defenses may be borne out in discovery, ignoring the requirement to limit affirmative defenses to colorable claims with

valid factual bases *at the time of filing*. The affirmative defenses challenged in K.Mizra's Motion should now therefore be stricken.

As a last ditch effort to try and save their doomed affirmative defenses, Citrix tries to conjure a K.Mizra-has-engaged-in-misconduct defense. Not true. Citrix has been aware of K.Mizra's affirmative defenses concerns for weeks, having consistently failed to address them. K.Mizra's Motion is well taken, procedurally proper, and should now be granted on the merits.

## II.  CITRIX'S SECOND AFFIRMATIVE DEFENSE IS IMPROPER

In attempting to defend their Second Affirmative Defense (Invalidity), Citrix largely describes allegations that they did not make. Citrix asserts that their Second Affirmative Defense is proper as they need not "specify the theories and factual support for each of its defenses" and that the "factual allegations in [Defendants'] Amended Answer go well above and beyond what is required to meet the pleading standard under Rule 8(a)." (ECF No. 56 at 6, 7.) But as explained in K.Mizra's Motion, the issue concerning the pleaded invalidity Affirmative Defense is not sufficiency but over-inclusiveness and improper incorporation by reference. (ECF No. 52 at 3-6.)

Citrix complains K.Mizra "points to inconsequential wording in Citrix's invalidity defense" and "does not even attempt to allege that it is prejudiced by the paragraphs it seeks to strike." (ECF No. 56 at 7.) But in advancing this argument, Citrix admits that they included extraneous (*i.e.*, "inconsequential") language in their affirmative defense that creates confusion as to the grounds for that defense. That confusion is obviously prejudicial.

Further, Citrix fail to explain why they are entitled to rely on *obviousness* arguments from other cases to support a purported *anticipation* defense in this case, or to incorporate by reference documents that do not yet, and may never, exist. Citrix asserts that these improper incorporations should stand because they "identify prior art already within K.Mizra's possession" and "Citrix was not required to plead any specific prior art references or theories." (ECF No. 56 at 8.)[1] But by choosing to incorporate documents by reference and characterize them in a manner inconsistent with their contents, Citrix has, again, created confusion and prejudiced K.Mizra's ability to properly rebut these muddled theories.

In short, Citrix fails to address the fact that their Second Affirmative Defense is overinclusive and internally inconsistent, instead relying upon the limited notice requirements of

---

[1] *But see* ECF No. 40 at 4-5.

pleading affirmative defenses and anticipated discovery later in the case to try and save the claim. But to establish a clean record and avoid confusion and limit unnecessary prejudice, the Court should partially strike Ctirix's improperly pled Second Affirmative Defense as requested by K.Mizra.

### III. CITRIX'S EQUITABLE DEFENSES ARE FACIALLY INVALID

Citrix's equitable defenses all rely on the same set of facts, namely, that K.Mizra contacted Citrix in 2022, 2023 and 2025 before filing this lawsuit in 2025. (ECF No. 52 at 7.) They then assert that the Motion should be denied as to the equitable defenses because "K.Mizra improperly attacks the merits of Citrix's equitable defenses, not their sufficiency." (ECF No. 56 at 9.) The argument is incorrect. The Citrix allegations, "even if deemed true, do not support the claimed right to relief claimed by Defendants." (ECF No. 52 at 7.) Accepting all factual allegations as true, each of the equitable defenses is "legally insufficient on its face" and should thus be stricken. *Diamond Resorts U.S. Collection Dev., LLC v. Miller*, No. 20-CV-1668, 2022 WL 452480, at *5 (M.D. Fla. Jan. 11, 2022).

#### A. Citrix Has Not Pled Waiver

Citrix attempts to muddy the waters concerning their waiver defense, asserting "K.Mizra is mistaken regarding the elements of waiver." (ECF No. 56 at 9.) But in doing so, Citrix fails to explain why its quotation from *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004 (Fed. Cir. 2008) is inconsistent with the elements of waiver provided in K.Mizra's Motion. In any case, though, Citrix has not pled sufficient facts under the *Qualcomm* standard on which they rely to allow the defense to proceed.

Citrix asserts no allegations that K.Mizra had "full knowledge of the material facts" (*Qualcomm*, 548 F.3d at 1020) or knowledge of the right that was waived (*Sprint Communs. Co. v. Mediacom Communs. Corp.*, No. 17-1736-RGA, 2021 U.S. Dist. LEXIS 49059, at *6 (D. Del. Mar. 16, 2021)). Rather, Citrix points only to their allegation that "K.Mizra's complaint suggests that it was aware of [the accused product] since at least August 2022." (ECF No. 56 at 10 (quoting ECF No. 44 ¶ 17).) But neither the Response of Citrix nor the text of their affirmative defense explains how the complaint allegedly suggests this knowledge, and these "bare-bone and conclusory allegations that lack factual context" cannot support an affirmative defense. *Brito v. Dikay, Ltd.*, No. 19-CV-21042-UU, 2019 WL 13256257, at *1 (S.D. Fla. May 16, 2019).

Nor has Citrix established that silence can affect a waiver of rights absent a duty to speak. Contrary to the single Texas case on which they rely, this Court has interpreted *Qualcomm* to hold that waiver "can be proven in two different ways: there can be evidence that the patentee 'intended to voluntary waive its patent rights' ('true waiver') or the patentee fails to assert its patent rights *'in the face of a duty to speak' ('implied waiver')*." *KPR U.S., LLC v. LifeSync Corp.*, No. 22-CV-60468-RAR, 2023 WL 5529176, at *10 (S.D. Fla. Aug. 27, 2023) (quoting *Qualcomm*, 548 F.3d at 1020-21) (emphasis added). "Citrix alleges implied waiver" (ECF No. 56 at 10), and thus under this Court's precedents must allege that Plaintiff had a "duty to speak." Defendants have not done so, and cannot do so as K.Mizra had no such duty, and thus their waiver defense should be stricken.

B.  **Citrix Has Not Pled Estoppel Or Acquiescence**

As "equitable estoppel has misleading conduct by the patent holder as one of its elements, [a] Defendant [is] required to plead this affirmative defense with particularity under Rule 9(b)." *Bayer CropScience AG v. Dow AgroSciences LLC*, No. CIV. 10-1045 RMB/JS, 2011 WL 6934557, at *3 (D. Del. Dec. 30, 2011). The fact that "Citrix's defense is not grounded in fraud or mistake" (ECF No. 56 at 11) is irrelevant, as the presence of the "misleading" element is sufficient to invoke Fed. R. Civ. P. 9(b). In any case, though, the estoppel defense pleaded by Citrix does not sufficiently allege the required elements under any pleading standard.

Citrix asserts that K.Mizra's "silence" amounted to "misleading conduct," relying on *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1043 (Fed. Cir. 1992). (ECF No. 56 at 12.) However, they completely ignore the line of Federal Circuit cases establishing that attempts to negotiate licenses, followed by a period of silence, does not by itself constitute misleading conduct. (ECF No. 52 at 9.) More troubling, though, Citrix omits the full context of the quote from *Aukerman* on which they rely, which confirms that they fail to plead estoppel or acquiescence based on silence:

> silence alone will not create an estoppel unless there was a clear duty to speak, or somehow the patentee's continued silence reenforces the defendant's inference from the plaintiff's known acquiescence that the defendant will be unmolested. Finally, on summary judgment, such inference must be the *only* possible inference from the evidence.

*Aukerman*, 960 F.2d at 1043 (emphasis in original). Likewise, the court in *Dist. Brewing Co., Inc. v. CBC Rest., LLC*, the other case relied upon by Citrix, found acquiescence where

4

> Defendant's behavior was an active representation that the Brewery would not assert its intellectual property rights against Defendant, that the delay of nearly 20 years in Plaintiff asserting intellectual property rights from the creation of the two entities in 1997 to the first cease and desist letter in 2015 was not excusable, and that such delay has prejudiced Defendants.

No. 2:15-CV-3114, 2016 WL 1366230, at *5 (S.D. Ohio Apr. 6, 2016). Again, this is a far cry from the assertion here that mere silence, without more, constitutes estoppel or acquiescence. K.Mizra's silence, without more, cannot legally constitute misleading conduct that could then result in estoppel and acquiescence.

Likewise, additional facts beyond a few years of silence were necessary to find estoppel in *KPR* and *Hall v. Aqua Queen Mfg., Inc.*, 93 F.3d 1548, 1557-58 (Fed. Cir. 1996). In *KPR*, "Plaintiffs knew about the infringing products since at least 2016 (since they purchased and resold them) and did not object until January 18, 2019. Then, after a year-and-a-half of negotiations, Plaintiffs ceased communicating with Defendants but did not file suit for another year-and-a-half." 2023 WL 5529176 at *10. Those facts are far different from the scenario here. In *Hall*, The Federal Circuit *vacated* a finding of equitable estoppel based on lack of reliance and prejudice where the patent holder "mail[ed] notice letters that threatened immediate enforcement in 1987 and then fail[ed] to follow through on those letters for over four years." 93 F.3d at 1557-58. Defendants' assertion that the court held that these facts were "sufficient basis for estoppel defense" is thus flatly wrong, and *Hall* in fact supports K.Mizra's position. (ECF No. 56 at 12.)

Citrix next asserts that "K.Mizra's silence was particularly misleading given that K.Mizra's business model is to assert patent infringement cases" and that "K.Mizra pursued infringement cases against other defendants during this time period." (ECF No. 56 at 12.) But Citrix did not plead these facts as part of their affirmative defenses, and in any case, they cite no authority indicating that a plaintiff's business model or other litigation activities can convert silence into estoppel/acquiescence absent other exacerbating facts.

Finally, Citrix conspicuously fails to address the importance of their allegation that K.Mizra never mentioned the asserted patent prior to January 2025 or their failure to plead they were aware of the asserted patent at the relevant time, each of which the Federal Circuit has indicated preclude application of these defenses. (ECF No. 52 at 10.) Citrix likewise fails to account for their own conduct and fails to allege any details concerning prejudice. (ECF No. 56 at 13.) For these additional reasons, their estoppel and acquiescence defenses should be stricken.

### C. Citrix Has Not Pled License or Exhaustion

Citrix admits that they are unaware of any license rights—express or implied—that operate as defenses to K.Mizra's claims. (ECF No. 56 at 13-14.) Instead, they profess a "reasonable belief that express and/or implied licenses exist" and assert that they have "pleaded with specificity the basis for this reasonable belief." (*Id.* at 14.) But the speculative "basis" for the license defense is the assertion that "K.Mizra's allegations of infringement described in its Complaint will necessarily implicate products and services offered by third parties" and the patent asserted here has been licensed to third parties. (ECF No. 44 ¶ 23.) But as explained in the Motion, (1) an express license defense cannot rest on the potential existence of agreements with unnamed third parties and (2) an implied license defense cannot be based on an express license with third parties. (ECF No. 52 at 12-13.) Citrix failed to address these arguments in their response, citing no authority for the proposition that their vague, speculative allegations suffice to state an express or implied license defense. These defenses are thus doomed and should therefore be stricken.

Likewise, regarding exhaustion, Citrix's assertion that the identities of the alleged third parties who sold licensed products, as well as details concerning such alleged sales, are "arguments directed to the merits of the defense, not its sufficiency," is incorrect. (ECF No. 56 at 14.) If Citrix has a reasonable belief that *their own products* implicate licensed third parties, then they are obligated, at the very least, to identify those products. Having failed to do so, Citrix has not pled the elements of an exhaustion defense. Nor have they pled facts indicating that any such third-party products "substantially embody" the patented subject matter. (ECF No. 52 at 15.) Again, Citrix misidentifies the salient issue as one directed to the merits, but absent any plausible facts indicating that the exhaustion doctrine could be satisfied, Defendants have no basis to assert the defense.

In sum, Citrix's license and exhaustion defenses are wholly speculative and should be stricken on that basis.

### IV. K.MIZRA'S MOTION IS NOT HARASSING AND VEXATIOUS

Citrix blatantly misrepresents the record to assert its misconduct argument. (ECF No. 56 at 15.) First, the fact that a party consents to the filing of a pleading does not waive any objections to the sufficiency of that pleading and, in any case, K.Mizra *explicitly reserved the right to challenge the sufficiency of the amended answer* in the context of providing consent to its filing, stating:

> Our consent is intended to allow the Parties to narrow the issues presented to the Court and we are not agreeing that any of your defenses are sufficiently pleaded. We reserve all rights to file a further motion to strike, including based on the issues mentioned in our email below, as permitted under the Federal Rules.

(ECF No. 56-1 at 1.) Citrix cannot now complain that they did not anticipate a second motion to strike, having received explicit notice of an intent to file such a motion in the context of consenting to the filing of the amended answer.

K.Mizra also complied with the meet and confer requirements of the Court, again contrary to the lamentations of Citrix. The "assumption" of which Citrix complains in their response was reasonable, as Citrix failed to make an amendment to address a specific concern that Plaintiff had previously raised. (ECF No. 56 at 16.) The timing complaints of Citrix are also meritless, as the parties had "been discussing the deficiencies in Citrix's affirmative defenses for weeks, including the filing of a previous motion to strike and discussing some of the additional deficiencies in [their] affirmative defenses before [they] filed the Amended Answer." (ECF No. 56-2 at 1.) Citrix was well aware of K.Mizra's concerns and its intent to move to strike, and had every opportunity to resolve these issues without motion practice. There is no basis to deny K.Mizra's motion for failure to properly meet and confer, and *Reef Azul, LLC v. Potter*, No. 22-CV-80815-WPD, 2022 WL 17583739 (S.D. Fla. July 29, 2022) is here inapplicable.

## V.   CONCLUSION

Affirmative Defenses 3 and 4 should now be stricken in their entirety, and Affirmative Defense 2 should be stricken in part.

Dated: January 2, 2026

Respectfully Submitted,

/s/ *Gerald E. Greenberg*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
ALESSANDRA M. SIBLESZ
Florida Bar No. 1024843
asiblesz@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com


ROBERT R. BRUNELLI *
CO State Bar No. 20070
rbrunelli@sheridanross.com
BRIAN S. BOERMAN *
CO State Bar No. 50834
bboerman@sheridanross.com
TRISTAN D. LEWIS *
CO State Bar No. 60968
tlewis@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 303-863-9700
litigation@sheridanross.com

*\*Admitted pro hac vice*

*Counsel for Plaintiff K.Mizra LLC*